UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 JAN 27 P 4: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES

v.

MICHAEL AMBERS

CR. NO. 04-10390-WGY

## MICHAEL AMBERS' RENEWED REQUEST FOR IMMEDIATE DETENTION HEARING

Now comes Michael Ambers through court appointed counsel John Wall and renews his oral request of January 6, 2005 for an immediate detention hearing with testimony required of the arresting officers concerning the facts and surrounding circumstances of a traffic stop out of which developed the pending federal charges under 18 U.S.C. § 922 (g) (1) – felon in possession of a firearm.

When defense counsel at the January 6, 2005 hearing stressed the importance of the arresting officer appearing on the witness stand sooner rather than later while recollection of potential witnesses are fresh and wherein the Magistrate can judge their demeanor and make some conclusions about the strength of the governments case in deciding on the bail issue, the prosecutor objected that the First Circuit has held that the strength of the governments case is the least important criterion in determining bail. The prosecutor cited no case, however.

Contrary to Government's argument, strength of the evidence is an important factor to be considered. It is the second factor cited by the First Circuit in *United States v. Tortora,* 922 F.2d 880, 884 (1st Cir., 1990):

> To arm this new weapon, the government was obliged to prove clearly and convincingly that no set of release conditions would reasonably assure the community's safety. 18 U.S.C. § 3142(e). In determining whether suitable conditions existed, a judicial officer was required to take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt or innocence; (3) the history and characteristics of the accused, including past conduct; and (4) the nature and gravity of the danger posed by the person's release. See 18 U.S.C. § 3142(g).

See also *United States v. Simone,* 317 F. Supp. 2d 38 (D.Mass. 2004) (reversing magistrate's detention order where she did not consider strength of government's case)

There are several reasons for why *United States v. King* 818 F.2nd 112 (1st Cir.1987) should not prevent a prompt detention hearing.

Basically, there is something fundamentally flawed and contrary to U.S.C. §3142 about holding someone without giving that person some chance to challenge the grounds of detention and to have a magistrate make an assessment as quickly as practicable of whether he should be held.

> The right to trial counsel under art. 12 attaches at least by the time of arraignment, Commonwealth v. Patterson, 432 Mass. 767, 776 n.10 (2000), or the point at which "the government has committed itself to prosecute," and "a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law." Commonwealth v. Simmonds, 386 Mass. 234, 237-238 (1982), quoting Kirby v. Illinois, 406 U.S. 682, 689 (1972). The right to counsel extends to "every 'critical stage' of the criminal process." Commonwealth v. Trapp, 423 Mass. 356, 358, cert. denied, 519 U.S. 1045 (1996). n13
> - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -
> n13 Critical stages of the proceedings include the probable cause hearing, see Commonwealth v. Donovan, 392 Mass. 647, cert. denied, 469 U.S. 1038 (1984); a post indictment lineup, see Gilbert v. California, 388 U.S. 263; the trial, see Gideon v. Wainwright, 372 U.S. 335, 342-344 (1963); and sentencing, see Osborne v. Commonwealth, 378 Mass. 104 (1979).
> - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -
> This constitutional guarantee of the assistance of counsel "cannot be satisfied by mere formal appointment." Avery v. Alabama, 308 U.S. 444, 446 (1940). "An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. 668, 685 (1984). The right to counsel means the right to effective assistance of counsel. See Kimmelman v. Morrison, 477 U.S. 365, 377 (1986).
> There are myriad responsibilities that counsel may be required to undertake that must be completed long before trial if the defendant is to benefit meaningfully from his right to counsel under art. 12. See, e.g., Commonwealth v. Roberio, 428 Mass. 278 (1998), S.C., 440 Mass. 245 (2003). <u>These duties include interviewing the defendant and witnesses while events are fresh in their memories, preserving physical evidence that may be important to the defense, and locating potential defense witnesses. The effects of the passage of time on memory or the preservation of physical evidence are so familiar that the importance of prompt pretrial preparation cannot be overstated.</u>

*Lavallee v. Justices in the Hampden Superior Court*, 442 Mass. 228, 234-235 (2004) (emphasis added); see also *Commonwealth v. DiGiambattista*, 442 Mass. 423 (2004) (ordering that custodial confessions be recorded)

*King* involved a defendant who was serving a state sentence when indicted federally. 818 F.2d 113. The First Circuit found any error in delaying detention hearing to be harmless because he made only a "technical" argument for release, and did not suggest how he was prejudiced. 818 F.2d 114. The hearing should be conducted "at the earliest practicable opportunity when unfair deprivation of the defendant's liberty could have become a live issue." 818 F.2d 114. It was noted that the "preferred course" was to hold a provisional detention hearing, obtain the defendant's consent, or have the magistrate determine whether there is "good cause" for a continuance. 818 F.2d 115 at n. 3.

The concerns expressed by counsel for Mr. Ambers that a detention hearing be held immediately with an opportunity for defendant to examine the police officers involved in the incident from which the pending indictment arose, is underscored by recent developments in the law. These developments reinforce the primacy of the right to confront adverse witnesses in criminal cases. In *Crawford v. Washington*, _U.S._, 124 S. Ct. 1354 (2004), the United States Supreme Court held that the Sixth Amendment precludes the use of testimonial statements at criminal trials unless the defendant has an opportunity to confront the witness making the statements. The Sixth Amendment applies by its text to "criminal prosecutions." While a detention hearing is clearly not a criminal trial, just as plainly it is part of the criminal prosecution. For that reason alone, the *Crawford* confrontation rights should be extended to detention hearings.

Moreover, even in the context of supervised release revocation proceedings, the defendant's confrontation rights must be honored. In *United States v. Taveras*, 380 F.3d 532 (1st Cir. 2004), the First Circuit held that Fed. R. Crim P. 32.1(b) (2) (C) prohibited the use of a probation officer's hearsay testimony to revoke supervised release. Although the defendant in *Taveras* had only a qualified right to confrontation, that was enough to overturn the lower court's decision, which relied substantially upon hearsay, admitted over objection.

The principles articulated in *Crawford and Taveras* should be applied here to require live non-hearsay testimony from first-hand witnesses as soon as practicable.

Respectfully submitted,
Michael Ambers
By his attorney,

*John Wall*

John Wall
BBO # 513300
One Commercial Wharf West
Boston, MA 02110
617-742-9096

Dated: Thursday, January 27, 2005

CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2005, I caused to be mailed a copy of this document to AUSA Christopher Bator, Esq.

*John Wall*