# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA

    V.                              CRIMINAL NO. 2004-10390-WGY

MICHAEL AMBERS.

## ORDER ON GOVERNMENT'S MOTION TO CONTINUE DEFENDANT'S DETENTION HEARING PURSUANT TO UNITED STATES V. KING, 818 F.2d 112, 115, footnote 3 (1 Cir., 1987) AND MICHAEL AMBERS' RENEWED REQUEST FOR AN IMMEDIATE DETENTION HEARING (#14)

COLLINGS, U.S.M.J.

    Michael Ambers("the defendant") appeared before the undersigned on January 6, 2005 for an initial appearance on the above-styled indictment. Appointed counsel was present. The defendant is currently serving a sentence

imposed by the state court from which he will not be released until November 2, 2005.

The Government moved for detention at the defendant's initial appearance on January 6th; it also moved to continue the detention hearing until such time as the defendant is no longer incarcerated as a result of the state court's prison sentence. The defendant objects to a continuance and seeks to have a detention hearing in the instant case held forthwith.

In these circumstances, I must determine if there is "good cause" for the continuance sought by the Government. *See United States v. King*, 818 F.2d 112, 115, footnote 3 (1 Cir., 1987). I find that there is.

The "good cause" is, simply stated, that holding a detention hearing in the instant case at this time would be useless and would have absolutely no effect on the defendant's status. It appears that the defendant will be held in a state correctional institution until November 2, 2005. No ruling I could make after a detention hearing in the instant case would alter the defendant's incarcerated status in any way.

Counsel for the defendant argues that an immediate detention hearing should be conducted at which time the Government would call the police

officers who arrested the defendant and he would be able to cross-examine them on the "weight of the evidence" at a time when their recollection is clearest. The short answer to this is that there is no obligation on the Government to call such witnesses at a detention hearing. Put another way, even if the Court were to convene an immediate detention hearing, counsel for the defendant would not be entitled to require the Government to bring in the witnesses he seeks to cross-examine.

It is to be noted that the defendant has been indicted, so there is no requirement that the Government demonstrate probable cause, and none of the presumptions in 18 U.S.C. § 3142 which require a finding of probable cause are implicated in this case. While the strength of the evidence is one factor to be considered, and perhaps an important one, it does not follow that a detention hearing should be held at this time rather than at a time closer to when the defendant will be released from state custody, if the case has not been resolved by then.

If the defendant's position were adopted, the option to defer the detention hearing as stated in the *King* case would never be able to be exercised, because all a defendant would have to do is to demand an immediate detention hearing

in order to cross-examine the Government's witnesses to ascertain the "weight of the evidence" and the Court would be required to oblige.  This is not the law.

Accordingly, it is ORDERED that the Government's motion to continue the detention hearing be, and the same hereby is, ALLOWED.  The detention hearing is CONTINUED until such time as the defendant is no longer incarcerated as a result of the order of the state court.  It is FURTHER ORDERED that the defendant be, and he hereby is, DETAINED pending the detention hearing.  *See* 18 U.S.C. § 3142 ("During a continuance, the defendant shall be detained...").  Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. Sec. 3145(b).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

Date:  January 28, 2005.