UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA}              CRIMINAL NO. 04-10390-WGY
                        }
V.                      }
                        }
MICHAEL AMBERS          }
_____}

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS
EVIDENCE BASED ON WARRANTLESS SEARCH</u>**

  The Defendant, Michael Ambers, has moved to suppress all evidence obtained as a result of a motor vehicle stop that occurred on or about July 26, 2004 by the New Bedford Police in which he was a passenger. The Defendant asserts that the stop of the vehicle and the search that occurred violated the Fourth Amendment to the United States Constitution.

FACTS AS ALLEGED IN THE POLICE REPORT

  On or about July 26, 2004, in the city of New Bedford, at approximately 1:00AM, Officer Tyrone Jones was in a marked cruiser traveling east on Bullard Street. As the officer approached North Front Street, he observed a Dodge Neon parked on Bullard Street on the south curb at North Front Street. There was a male leaning into the passenger side window of the vehicle. The male stood up, looked at the cruiser, and immediately walked south on North Front Street. The officer continued to drive easterly on Bullard Street. The officer then observed the Dodge Neon abruptly pull out of its parking space and travel east on Bullard Street. The officer noticed the operator of the Neon failed to use a turn signal; the vehicle then sped off. As the vehicle approached the

intersection of Bullard Street and Belleville Avenue, the operator of the Neon failed to stop at a stop sign and turned left onto Belleville Avenue.  The operator once again failed to use a turn directional.  The officer activated his blue lights and siren in order to stop the vehicle.  The vehicle stopped at the corner of Belleville Avenue and Coffin Avenue.

While the vehicle was stopped, the officer observed the passenger begin to make movements, including "ducking" his head forward towards the dashboard.  The officer then exited his vehicle and approached the vehicle; the passenger was still making movements.  The passenger placed his left hand on the dashboard, lifted himself off the seat, and appeared to be putting his right hand behind him.  The male then sat back down on the seat.  The officer ordered the passenger to exit the vehicle and handcuffed him.  Officer Stanley Chaberek, who had arrived to the scene, was present when the passenger was ordered out of the vehicle.  He observed the passenger's shirt to be partially above his belt line and saw a gun holster in his front waist line.  The officer observed a large bulge in the passenger's right front pocket.  Officer Chaberek fat-frisked the passenger and felt what he believed to be a gun.  The officer reached in to the passenger's pocket and retrieved a handgun.

## DISCUSSION

The decision to stop a motor vehicle is reasonable where the police have probable cause to believe that a traffic violation has occurred.  See Delaware v. Prouse, 440 U.S. 6648, 653, 659 (1979); Pennsylvania v. Mimms, 434 U.S. 106, 109 91977).  If the police have probable cause to conduct a valid traffic stop, the officers may order the driver to exit the vehicle without violating the Fourth Amendment.  Id.  In this case, there was no probable cause to stop the vehicle for a traffic violation because a traffic violation did not

occur[1]. The officer alleges that upon seeing the Dodge Neon leaving the curb, it did so without using a directional. Further, despite the fact that the officer was following the vehicle in a <u>marked cruiser</u>, the officer alleges that the Neon "rolled" through a stop at the intersection of Bullard Street and Belleville Avenue and yet again failed to use a turn signal when taking a left turn onto to Belleville Avenue.

Judge saris recently reached a similar conclusion in the case of <u>United States v. Sugar</u>, 322 F.Supp. 2d 85, 92 (D. Mass. 2004).

> "Because I find Sugar credible when he says he saw the marked cruiser and was attempting to comply with traffic laws, I find it highly unlikely that the rear wheels went substantially onto the shoulder three times in half mile. While Sugar did not deny the possibility that a rear tire went over the line because it was a large van, he did not notice a problem."

While an officer making a valid traffic stop may order the passenger(s) to exit the vehicle, <u>Maryland v. Wilson</u>, 519 U.S. 408, 415 (1997), here, the exit order was unjustified because there was no legal basis for the initial stop. If officers have probable cause or reasonable suspicion, as set forth in <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), to conduct a valid traffic stop, the stop is proper regardless of any ulterior motive, <u>United States v. Whren</u>, 517 U.S. 806 (1996). In the case at bar, despite what the ulterior motive of the officer was, if any, the stop itself was unjustified based on the non-occurrence of a traffic violation. A warrantless search of an automobile will be upheld if "officers have probable cause to believe that the vehicle contains contraband." <u>United States v. Ross</u>,

---

[1] Affidavit(s) in support of defendant's Motion to Suppress will be provided. Please refer to defendant's Motion for Leave to File Affidavits In support of Motion to Suppress.

456 U.S. 798, 808 (1982).  Here, there exists no evidence to suggest that the vehicle contained contraband.  Sheer curiosity comparable to what Officer Jones displayed is by definition substantially less than a reasonable suspicion that a crime is being committed.  See United States v. Sugar, 322 F.Supp. 2d 85 (2004).  See also United States v. Nee, 261 F.3d 79, 83 (1st Cir. 2001).

Based on the foregoing, the court should allow the defendant's motion and therefore should suppress the evidence taken from him and all statements attributed to him after he was placed in custody.

>Respectfully Submitted,
>Michael Ambers,
>By his attorney,
>
>/s/ Frank D. Camera
>Frank D. Camera
>B.B.O. #635930
>56 N. Main Street
>Fall River, MA 02720
>508-677-2878

CERTIFICATE OF SERVICE

I, Frank D. Camera, certify that I forwarded a copy of this motion to AUSA Christopher Bator on August 29, 2005 via electronic filing.

>/s/ Frank D. Camera
>Frank D. Camera